NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES LINLOR, <br><br>          Plaintiff-Appellant, <br><br>   v. <br><br> CHASE BANKCARD SERVICES, INC.; CHASE BANK USA, N.A., <br><br>          Defendants-Appellees. | No.    18-56200 <br><br> D.C. No. 3:17-cv-00005-WQH-KSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

James Linlor appeals pro se from the district court's summary judgment in

his action alleging a violation of the Fair Credit Reporting Act ("FCRA"). We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gorman v. Wolpoff*

*& Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Linlor failed to raise a genuine dispute of material fact to whether defendants' investigation of Linlor's dispute was unreasonable. *See id.* at 1154 (setting forth responsibilities of furnishers of information to consumer reporting agencies).

The district court did not abuse its discretion in denying Linlor's request for additional discovery under Federal Rule of Civil Procedure 56(d) because Linlor did not show how additional discovery would have precluded summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100-1101 (9th Cir. 2006) (setting forth the standard of review and upholding the denial of request for a continuance where plaintiff "did not identify the specific facts that further discovery would have revealed or explain why those facts would have precluded summary judgment").

The district court did not abuse its discretion in denying Linlor's requests for sanctions because Linlor did not show that defendants failed to comply with their discovery or Rule 11(b) obligations. *See* Fed. R. Civ. P. 37(c)(1) (providing that if a party fails to provide information required by Rules 26(a) or (e), the party is not allowed to use that information on a motion or at trial unless the failure was substantially justified or harmless); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126-27 (9th Cir. 2002) (standard of review and criteria for the imposition of Rule 11 sanctions); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

Cir. 2001) ("[A]lthough we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (citation omitted)).

**AFFIRMED.**